*E-FILED - 1/30/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ULYSSES DAVIS, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br>   v. ) <br> ) <br> FORD MOTOR COMPANY, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | No. C 08-5597 RMW (PR) <br><br> ORDER OF DISMISSAL |

Plaintiff, proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis in a separate written order. The court will DISMISS the instant complaint for failure to state a cognizable claim under § 1983.

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

B.      <u>Plaintiff's Claims</u>

Plaintiff claims that on February 27, 2003, he was injured in a car accident in Novato, Calfiornia. Plaintiff alleges that the car accident was a result of his Ford Taurus station wagon being defective. As such, plaintiff is suing Ford Motor Company for selling him the defective wagon.

Plaintiff is urged to bear in mind that to state a claim under 42 U.S.C. § 1983, he must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. <u>See</u> <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988). In order for a complaint to state a claim arising under federal law, it must be clear from the face of plaintiff's well-pleaded complaint that there is a federal question. <u>See</u> <u>Easton v. Crossland Mortgage Corp.</u>, 114 F.3d 979, 982 (9th Cir. 1997).

Here, plaintiff fails to allege either element. Although the court generally grants leave to amend after an initial screening of a complaint under 28 U.S.C. § 1915A, the court concludes that here, leave would serve no purpose as a viable civil rights claim cannot be made concerning plaintiff's allegations concerning his claim against Ford Motor Company. This court does not have subject matter jurisdiction over a prisoner complaint involving only state law tort actions without a federal question or federal statute at issue. For claims involving only state law actions, plaintiff should file a complaint in state court. Further, defendants are not persons acting under the color of state law.

Accordingly, the instant complaint is DISMISSED for failure to state a cognizable claim under § 1983.

**CONCLUSION**

The instant complaint is DISMISSED for failure to state a cognizable claim under § 1983. The clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED: 1/30/09

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order of Dismissal
P:\PRO-SE\SJ.Rmw\CR.08\Davis597dis.ftsc.wpd     2